Good morning, may it please the Court, my name is Daniel Post, I apologize for not checking in. I am appearing on behalf of the appellants in this case, Robert and Gary Stone. They are the successor trustees of the J. Ralph and Lois Stone Trust, occasionally referred to in our brief as the estate, occasionally referred to in our brief as the taxpayers. I'd like to try and reserve three minutes for rebuttal. I hope my brief was clear in explaining to the Court the issues that we see and the errors that we believe the trial court committed. To the extent I was unclear and this Court has any specific questions, I'd be happy to do what I can to answer those. This is a tax, yes, Judge. Okay. I was trying to understand whether we were to analyze what the district court did and how it evaluated the value elements, either as a legal question, was it a question of methodology, is it your view that the district court adopted the wrong methodology, or is it a factual question regarding the value elements, and so the district court made a factual determination that this time value of money element should not be included? If I understand the Court's question correctly, my belief is that the standard of review is going to be as a question of law because the Court applied the incorrect methodology. I don't quite read it that way. Why do you say that? What's your best argument to support your thesis that this is an issue of law and not, you know, to be evaluated based upon a clear error standard on the facts? I believe my best argument, Your Honor, is that if a court doesn't understand the law or incorrectly applies the law Tell me where you feel that the Court made a mistake of law. I know it's in your brief, but I want to try to pin you down because it seems to me that the district court judge was aware of the proper standard, was aware of the fact that prosperity doesn't apply, that you can't have a unity of interest argument, was aware of the concept of marketability, just simply rejected it because the district court didn't find your expert, Mr. Hoffman, to really be probative and compelling in his testimony and evaluated this case along those factual lines. Now tell me where I'm wrong in that assessment. Well, my belief, Your Honor, is that the Court did all those things that you said that the Court did, and it did it because it didn't understand the correct standard. If you wanted to ask, well, where did the Court err? Tell me what the correct standard is that the Court did not accept or apply. I'm sorry, I didn't hear. I'm sorry if I'm not making myself clear. Tell me what the legal standard is that you believe the Court did not understand, accept, and or apply. In my view, Your Honor, the Court didn't understand that all elements of value need to be considered. All facts and attributes of these assets need to be considered. I recognize that the Court cited all the right code sections, cited all the right cases, and it tried to apply those. But my belief is that the Court incorrectly applied those as evidenced by its reasons for rejecting the taxpayer's expert, because, for example, one of the key issues in this case was whether or not there should be a discount for lack of marketability or a discount for lack of control. And you can read the trial court's decision and not find anywhere where the trial court acknowledges that because this asset has restricted marketability, no market, in fact, or that because this asset has limited marketability, there are elements of lack of control where it's joined. You can read the court's decision and not find anywhere where the court acknowledges that those facts alone should warrant a significant discount to the artwork. So your expert says there should be a 28 percent, but then later a 20 percent discount based on the three-year time delay, the volatility of the markets, some other factors. And the Court said, I don't find that persuasive. I know there's something missing here, but I'm just going to go with the government's estimate, because I don't find your expert persuasive. Why isn't that just an evidentiary ruling, the evidence that the taxpayer didn't carry the burden of proof, didn't prove by the preponderance  Well, the reason I think that the Court can give full weight to what the trial court did is because it's my understanding that that assessment from the trial court of we're just going to award a cost to partition discount and you didn't prove to us otherwise wouldn't be sufficient to fully capture all the reasons why you give discounts to undivided interests in property. So the first error that I believe with respect to just this cost to partition analysis that the Court did, the first error is that in saying that that's the only discount that we're going to recognize and we're going to ignore a discount for lack of control and lack of marketability is that that doesn't capture all the elements of value. And that's what the cases say. A cost to partition discount can't capture all the elements of value. Now, what's wrong with the Court just rejecting Mr. Hoffman's cost to partition analysis as not persuasive when the government didn't present any evidence to the contrary, even though its office of chief counsel suggested that it get a cost to partition appraisal. I think that ultimately the Court is free to do that if it wants to, if it doesn't find, let me start with this. I don't see where the Court said that this must be predicated simply upon a partition analysis. That's not your argument, is it? That the Court just limited itself to the cost to partition as the sole basis for discount? That appears to me to be what the Court did. You know, I don't read it that way. The Court said, based on the evidence in this case, and I'm quoting from the Court, that this particular fractional interest would be sold at a price lower than what could be recouped through partition minus an uncertainty premium. That's what the trial court said, based upon the evidence in this particular case. It never said that partition is the sole raison d'etre for discounting, you know, this type of fractional interest. I agree that you'll never find a statement from the Court where it out and out says that. And there are cases, by the way, where the courts or the tax courts properly considered all of the elements that you think should be considered and came out with just accepting a partition discount as the ultimate, you know, conclusion in the assessment process. And there are lots of cases of that nature. Does it really depend on the particular facts of a particular case as to whether we're going to deal with a partition discount scenario at the bottom line or something else? I'm sorry. I don't understand the court's question. There are cases where just the partition, course of partition was held to be the basis for appraisal, right? I'm not aware of any, but there may well be. The court has a bunch of cases like that. But in any event, there's nothing about that that's an estimate to your concept. It may well be that in a particular case, this is the right way to evaluate a fractional interest. My assessment, Your Honor, and I respectfully disagree, is that because I don't believe a cost of partition discount analysis can ever fully capture the value of the asset, I believe you have to acknowledge that the burden is upon your expert to convince the court in this particular case something more than just the cost of partition should apply. Where did the why wasn't the court free to reject your expert's offer of proof in his analysis? It seems to me that they were just picking out telephone numbers here and that the court made a reasoned determination in many ways saying that Mr. Hoffman, you know, was not convincing compared to the evidence on the other side. Clearly the trial court agreed and believed that Mr. Hoffman was not convincing. But that's a classic factual determination by a trial court. I believe that a trial court always has that power and duty to make that determination. But the point that I've tried to make in my brief is that if the court doesn't understand all the attributes that warrant discounting a ---- Well, it seemed to me there that the court was quite well aware. It took a look at art versus real estate. It looked at, you know, it didn't ascribe the unity of interest, even though that might actually be the case here. It went through why art is different. It went through all kinds of factors that suggested that the court well understood the kind of property that it was dealing with. And it was trying to navigate between your expert, who had no credentials in this particular market, but had a number of views about percentages, and the government, which it didn't accept 100 percent either. So it seemed to me that the court was actually doing what it was supposed to do, was be the fact finder in trying to take both of these and took a little from the government, didn't take the government lock, stock and barrel, but had significant problems with your expert. So in the end, when it comes then up to us, we're pretty hard-pressed to overturn that unless we can see that there's some factual findings that don't have any basis, or alternatively, if you can point us to where you think there's a legal error that we ought to zero in on, that would be helpful. Well, for example, Your Honor, the court's reasons for rejecting Mr. Hoffman's testimony regarding his first two approaches with respect to the appraisal, and adopting the government's view that art is different, it's a different kind of asset, a different animal than real estate. And for the court, that meant that instead of assuming that there's going to be a hypothetical marketplace where you're going to have the willing buyer, willing seller, you're not going to actually sell the property. You're instead going to go join with the co-owners and maximize your profit. And it's true that the court later in its Propstra and its partition analysis recognizes Propstra, but its very reason for disregarding Mr. Hoffman's testimony with respect to his first two methods of appraisal was based on this idea that at a minimum they're going to go join with the co-owners and sell. Same thing with this issue of lack of control. The court recognized that lack of control exists, that it would be better to have 50 percent of it would be better to have 100 percent of the painting instead of 50 percent of the painting. But for the court, it viewed that that wasn't any issue that warranted a discount, but instead was one of these issues where art is unique, and it just happens that the aesthetics of purchasing art are such that that's what takes place. And so there's no reason for giving a lack of control discount, even though everyone acknowledges it. You know what it seems to me, and maybe this is the perspective I bring maybe to the benches of this court, judges that has to adjudicate issues of fact, a lot of times you ruminate what the reality of life is. Like, for example, the court did acknowledge that it was not applying a unity of interest. But in the real world, we know exactly what's going to happen. But I think that that doesn't mean that the district court was making legal error. It was just being realistic and understanding the real world. I mean, there is going to be this art that's going to be sold collectively by the estate. I mean, who's kidding who? But the court made pains to while acknowledging the reality, perhaps indicative of all of that, was clearly aware and sensitive to the fact that it's a court of law and was going to apply the law and respecting Prosper. It said that the Prosper, the appellants argued that the district court violated Prosper because, you know, we talked about that footnote, et cetera, et cetera. But then the court went on and said that the court cannot assume that the estate would be able to obtain agreement from any other owners of the collection to sell the art as a whole, acknowledging Prosper, applying Prosper, but also in the real world recognizing the dicta that, you know, we all know what's probably going to happen, but I do understand my responsibilities and I'm not going to apply to unity of interest. It seems that that's a perfect example of a court being realistic on the one hand and at the same time being very sensitive to its obligations to apply the law. I mean, it just seems to me that a 5% discount here on partition is really not off the wall in terms of coming to an ultimate determination. In all the cases that you cite, the lottery case, these are cases where you could not assign any interest, you could not have a partition action. This is entirely a different animal. You have this remedy of partition and it seems to me that the court analyzes this thing in an intelligent and rational way. Your Honor, I'm not aware of cases where there have been this low level of discounts applied to undivided interests of property, whether it's real estate. It's unique, though. It's a unique situation. I know the trial court believes that and part of the argument that I've made is that this part is not unique. It's an asset just like any other interest. But you haven't been able to nor necessarily could you come forward with any precedent that shows that, you know, all should be evaluated in this particular, you know, fashion. That's correct. There is nothing out there. That's correct and that was one of the reasons why the IRS rejected the concept. Because there's nothing out there, we should go along with the 20% or 30% discount and accommodate, you know, Mr. Hoffman's theory? Personally, I believe, Your Honor, that what the taxpayers are pushing for is a natural extension of the law. It's not really much different than the concept of blockage discounts applied to art. If you give this a 30% or 40% discount, this is totally unrealistic. It makes no sense. I guess that's not the standard that we should apply, right? I'll leave that to your judgment and I'll save my 54 seconds. Thank you. May it please the Court, I'm Curtis Pett representing the United States. The state's position in this case essentially boils down to an argument that a party is entitled to a fractional interest discount as a matter of law. This position dramatically oversimplifies the situation. The courts of appeals have always held that a district court's finding of fair market value is purely a question of fact to be based on all the facts and circumstances of each individual case. The district court here carefully analyzed all the surrounding facts and circumstances, including the expert witness testimony of both sides, and correctly concluded that there was no rational basis for further reducing the value of the one half of the interest in the art collection that passed through the estate to the trust. If I could interrupt you for a moment. Here's my problem, my concern. The taxpayer puts on evidence of various elements of value, including the time value of money, the three-year delay, the volatility of the market, and makes comparisons to other sorts of markets in real estate or, I guess, micro-cap investments. And the government puts on no evidence relating to those issues. So the taxpayers put evidence out there. The government has none and just says, well, there's no market for art. What sort of evidence could the taxpayer have put on, other than by comparison to other sales of other assets, to carry its burden on the time value of money issue? Or are you saying that no evidence, there's no evidence that would be that the taxpayer could bring because there's no market for this? I think that's correct, Your Honor. If there were evidence that partial interest in art had been sold at a discount, evidence of that would have been probative. But there's no dispute that in the record in this case, there is no evidence that a partial interest in art has ever been sold at a discount. So what difference does that make, though? Because if I put my $5 million art collection on eBay, a 50 percent interest of that in eBay, I'm not going to get $2.5 million minus $50,000. I mean, people are going to take into account the time value of money, the cost of trying to partition it, et cetera. So we know there's going to be some discount for it. The fact that it's never been done, I don't see why that means there's no element of value there that the district court had to acknowledge. Well, Your Honor, fair market value, the determination is based on the real world, and the fact that you could go out and sell, you could go out in the street corner and offer to sell half of the Mona Lisa for, you know, whatever somebody would offer next to the guy selling Rolexes, and you might get a very low value, but that does not establish fair market value. Right, but you have neither. The government hasn't. If they don't have any evidence explaining what discounts might come into effect because of the difficulty of selling a fractional interest. I guess what I'm concerned about is the government presented no evidence, the taxpayer presented some evidence, and the district court just said, I'm not persuaded, I'm not sure why the taxpayer hasn't carried its burden in. Well, I don't think that's the situation at all. I think the government put on considerable evidence of the value of the artwork and considerable evidence of recognized experts in the field that when art is owned and partially, the situation is like here that it's passing through an estate to the heirs or dealers are purchasing a piece of art with hopes of selling it later for appreciation or perhaps someone who is just going to share a possession, someone wants a piece of art to hang in their home for half the year, maybe donate it to the museum for the other half. But in each of these situations, the parties either share possession or they distribute the property pro rata or they sell the property and distribute the proceeds pro rata. That's sort of a probester error though, right? That's basically the evidence you had was we don't know how much a fractional interest would be valued because it's all we sold together in some way. And that's what we said probester error you couldn't do. The district court couldn't value the property that way. Well, the district court wasn't looking at who was the seller and who was the purchaser. I mean, in any situation where you're talking about partial interest in art, the hypothetical purchaser and the hypothetical seller are going to be in this situation. You don't create a hypothetical marketplace that has no attachment to the real world and imagine what might happen. But is it true you presented no evidence about the value of a 50% fractional interest? No, there was considerable testimony that the value of a 50% interest is 50% of the value of the artwork. Based on selling both pieces together though, that was my problem with it. So, in other words, you didn't really provide evidence of the sale of the 50% fractional interest. You presented evidence about selling the entire work of art and then dividing the proceeds in half. There was testimony that partial interest in arts do change hands, but there was also testimony that no one had ever heard of such a transfer occurring at a discount. But the court rejected the government's position, basically. But let me ask you this. What more could the appellate have done here? It offered the testimony of Hoffman. The court was not terribly impressed by his credentials, et cetera. He said that, you know, the best I can really relate to is real estate. What more, if you were on the other side, could the person who has the burden of proof have done here to show that there should be a discount based upon concepts of marketability in this type of situation when there arguably is no marketability? What more could the appellate have done to satisfy his burden of proof here? They would have had to put some evidence in that a partial interest in art has, at some time over history, transferred. Well, they tried to do that. There's nothing else they could have done. But they were unable because there is no evidence out there because it simply doesn't happen. Well, then what could they have done if there's no possibility that they had any opportunity at all? Nobody could have done anything better than what they did. Didn't they do the best that they could under the circumstances? Well, perhaps they did the best they could under the circumstances. I mean, they did have evidence of rare coins and the interest in rare coins, which the district court disregarded. But isn't that analogous to artwork? Their value is not just the liquidity value. There's some collector's value the same way. So why wasn't that evidence persuasive or carried the taxpayer's burden? Those were limited partnership interests where, regardless of what the underlying asset is, the value of a limited partnership interest is less than the value of a general partnership interest, like a minority interest in a corporation is worth less than a controlling interest because of the lack of control over the business. Regardless of what the underlying asset is, here, that's those considerations are just completely irrelevant. It seems to me that a certain amount of common sense ought to come into this. In other words, you have a piece of art of which you only have a partial interest. It's not the same as having a whole piece of art. I mean, in that sort of same common sense is what's been imported into the real estate discounts, actually. I mean, it's why wouldn't the same be true here? I mean, that's sort of what Mr. Hoffman was trying to argue is if you look at the reality of the situation and you recognize what a collection represents, then as a matter of common sense, this is where you come out. Why isn't that enough? Because the situations are different. I mean, it's just as common sense could equally tell you that 50 percent of a piece of art might be worth more than 50 percent. If you can't afford the whole piece, the value of having it in your home for six months out of the year, have all your parties, invite all your friends over those six months, and they'll think you own a valuable piece of art when you're only paying for half, it might be worth more than that. It's not the value in the eyes of your friends. We're talking about fair market value. So the value you're talking about doesn't actually have a place in the tax law. It's possible that anyone might, it's just as possible that someone might, a 50 percent interest in a piece of art might be worth more than 50 percent for various reasons. You have to look at the facts and circumstances. There's no overall common sense rule that in any particular piece of property, a partial interest is worth less than that proportion of the whole. You say as a matter of law you cannot consider the fractional interest in real property because you're dealing with art? Or do you think it has some relevancy? I'm not saying as a matter of law, Your Honor. I'm just saying that it's, as a matter of fact, it's not relevant. I mean, the fact that a limited partnership interest or a common stock or certain pieces of property, a partial interest has less value does not mean that a partial interest in a piece of art would have less value because the considerations, you have to have rational reasons leading to the conclusion that a discount is appropriate. In the art world, they're simply, as the district court correctly found here, they're simply. Are you saying that you can never use real estate as one of the standards or factors or circumstances to consider in assessing the discount for personal property and in particular art? Oh, absolutely not, Your Honor. But you would have to explain why the analogy would be appropriate. And here the analogy simply is not appropriate. The items are just completely different. Well, I mean, whenever you have an asset like the lottery winnings or the boat where there isn't a market or sales even banned, you have to come up with analogies. So I don't see why art is any different than any other asset, why you wouldn't look to analogies. And here maybe the analogy wasn't very good that the taxpayer raised, but I didn't see the government coming up with an analogy to give that was a closer or a better fit that would help the district court understand how to value the risk element. Well, the government's expert, Michael Finlay, testified that in over 40 years of dealing in the art world that he had never seen a partial interest in art trade at a discount. That's not an analogy. That's just saying it's not done. But the job is to figure out what's analogous so that you can estimate the value correctly. Similar types of sales would be the most probative. But there are none. Let's take it as given that there are none. So I guess it's just my concern that there's this gap, which the district courts seem to acknowledge, that the government's $50,000 discount is too low. But since I don't agree with the taxpayer's expert, I'll just go with it. So the concern is there's a gap that the district court didn't fill of an element of value that was missing from the value of the fractional interest. And I'm just concerned about what that means, whether that's an error, a legal error, a factual error, or it's not an error at all. It's not an error at all, Your Honor. What the district court found in allowing the 5% discount was that that was based on the government's concession. As the court correctly found, the estate had failed to carry its burden of proof by submitting evidence that it was entitled to a discount of even that amount. Can the district court just say, I'm not persuaded, and so I'll just say there's zero evidence on this point? Well, I don't think, I don't agree that that's the, the government, or the district court found that the government put in substantial persuasive evidence that the value of a partial interest in art is its proportionate share of the value of the whole. And that was based on the expert's testimony that in their experience in the art world, there are very well-recognized experts in the world that that's what happened. The court didn't really go that direction. The court did not accept your thesis either. It recognized the expertise, I guess. But really, ultimately, its decision was predicated upon the fact it was not happy with the proof on the other side. And that's where we're at. But there is a gap to some extent. That's why I asked you, what proof could the appellant have offered here other than what he did? I'm just curious as to what else is out there. Your, your experts don't fill that gap. And the appellant, you know, is left with this frustrating situation where somewhat between a rock and a hard place. What else could be done here to convince a finder of the facts that, yes, you know, there is a market. There has to be a hypothetical market. We have to come up with value. We can't just simply let it rest with the fact that since there is no prior precedent that I'm sorry that, you know, you cannot, you know, have a market or there can't be a value placed on this. I mean, what does the appellant do? Well, Your Honor, the evidence is overwhelming that there is a market. You don't need to construct a hypothetical market when you're faced with a real market. The stock market, if a certain, if similar types of stock. I don't understand what the market is here. I don't understand that. The market is the art option. I mean, if art. They said there's no market. There's no precedent at all. We have nothing at all. We come up with blanks. And, you know, therefore, you know, I'm sorry. There's no discount. That's what the government's position is, isn't it? No, the government's position is that in the real world art market, that partial interests do change hands, but they change hands at the proportionate value of the underlying artwork. So faced with that evidence, and the state came up with no evidence to the contrary in the art world, they looked to the common stock, business interests, minority interests, and those analogies simply are inappropriate. They don't undermine the realities of the real world that the government put on, the evidence that the government put on. And the district court carefully analyzed all the facts and circumstances and painstakingly analyzed all the facts and circumstances and concluded that the state had failed to establish that it was entitled to even a 5% discount, but gave it the 5% discount anyhow just because the government had conceded it. That concludes my comments.  Thank you. Thank you. Thank you. Thank you. Just a couple points. First of all, I think the government has conceded that there really is no hypothetical marketplace. There was no evidence that we could have presented on this issue. Second, with respect to do you have to choose something analogous, yeah, you have to choose something analogous, and Mr. Hoffman, I believe, did the best he could, including choosing limited partnership interests in collectibles. And I've always thought that it's perverse that if this state had held an interest in a limited partnership in collectibles, there's no question it would have been entitled to a sizable discount because those are awarded all the time. But because the government had never seen one of those, it's the form of title that's affecting whether or not a discount is given. And finally, I believe that, again, we did the best that we could, trying to create a rough estimate, which is what the courts require us to do, given the lack of data that's out there. And there was none. And I'm out of time. Thank you. Thank you. The case just argued Stone v. The United States is submitted. Thank both of you.
judges: McKeown, Ikuta, Block